```
                          United States Bankruptcy Court
                            Southern District of Iowa
In re:                                                              Case No. 14-00590-lmj
Aaron Chester Hoard                                                 Chapter 7
       Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0863-4         User: admin              Page 1 of 1             Date Rcvd: Jun 24, 2014
                             Form ID: 1B18            Total Noticed: 17
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 26, 2014.
db          +Aaron Chester Hoard,    6315 Franklin Avenue,    Windsor Heights, IA 50324-5915
801996190    API Advantage PT & Rehabilitation,    1850 Army Post Road,    Des Moines, IA 50315
801996189   +American Prosthetics & Orthotics,    1215 Pleasant Street,    Des Moines, IA 50309-1416
801996191    Bank of America,    P.O. Box 851001,    Dallas, TX 75265
801996192   +EMPI,    599 Cardigan Rd,    Saint Paul, MN 55126-4099
801996193   +FedLoan (Student Loans),    P.O. Box 69184,    Harrisburg, PA 17106-9184
801996196    Hauge Associates, Inc.,    P.O. Box 88610,    Sioux Falls, SD 57109-8610
801996197   +Juliana Hoard,    3865 Woodland, Apt 10,    West Des Moines, IA 50266-1986
801996198    Mercy Clinics,    P.O. Box 1475,    Des Moines, IA 50305-1475
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
801996188   +E-mail/Text: missyj@wecollect4u.com Jun 24 2014 23:29:46      Account Recovery, Inc.,
              P.O. Box 34519,    Omaha, NE 68134-0519
801996194   +E-mail/Text: bankruptcysupport@flagstar.com Jun 24 2014 23:30:45      Flagstar Bank,
              5151 Corporate Drive,    Troy, MI 48098-2639
801996195   +EDI: RMSC.COM Jun 24 2014 23:33:00      GECRB/TYDC,    P.O. Box 530939,    Atlanta, GA 30353-0939
801996199    EDI: PRA.COM Jun 24 2014 23:33:00      Portfolio Recovery Associates, LLC,    P.O.B. 12914,
              Norfolk, VA 23541
801996200    EDI: USBANKARS.COM Jun 24 2014 23:33:00      U.S. Bank,    P.O. Box 108,
              Saint Louis, MO 63166-9801
801996201    EDI: USBANKARS.COM Jun 24 2014 23:33:00      U.S. Bank,    P.O. Box 790408,
              Saint Louis, MO 63179-0408
801996202   +EDI: WFFC.COM Jun 24 2014 23:33:00      Wells Fargo Bank,    666 Walnut Street,
              Des Moines, IA 50309-3963
801996203    EDI: WFFC.COM Jun 24 2014 23:33:00      Wells Fargo Card Services,    P.O. Box 6412,
              Carol Stream, IL 60197-6412
                                                                                               TOTAL: 8

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 26, 2014                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 24, 2014 at the address(es) listed below:
              Charles L Smith    trustee@telpnerlaw.com, ia21@ecfcbis.com
              Douglas J Reed    on behalf of Debtor Aaron Chester Hoard djreedlawfirm@hotmail.com
              United States Trustee    USTPRegion12.DM.ECF@usdoj.gov
                                                                                               TOTAL: 3
```

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Southern District of Iowa
110 E. Court Ave., Suite 300
Des Moines, IA 50309
www.iasb.uscourts.gov

**Case No. 14–00590–lmj7**

**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
  Aaron Chester Hoard
  6315 Franklin Avenue
  Windsor Heights, IA 50324

Social Security No.:
  xxx–xx–9659

Employer's Tax I.D. No.:


## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                                                BY THE COURT

Dated: 6/24/14                                                  Judge Lee M. Jackwig
                                                                United States Bankruptcy Judge


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**